SYD LENTZ V. STATE OF NEBRASKA.

FILED MARCH 11, 1932. No. 28212.

*Ted R. Frogge* and *McNeny, Gilham & Sprague,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Homer L. Kyle, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

In a prosecution by the state in the district court for Gosper county, Syd Lentz, defendant, was convicted on the charge that he had possession of intoxicating liquor May 13, 1931, for the purpose of unlawful use and disposition, and was fined $100 therefor; on the charge that he had possession of intoxicating liquor January 21, 1931, for the purpose of unlawful use and disposition, and was fined $100 therefor; on the charge that he was guilty of bootlegging January 21, 1931, and was fined $100 therefor and also sentenced to serve a term of 90 days in the county jail. As plaintiff in error he presents for review the record of his convictions.

Defendant insists that the evidence is insufficient to sustain a conviction on any charge. The record shows that this contention is without merit, except as to the charge of bootlegging. An examination of the evidence results in the conclusion that it is insufficient to prove beyond a reasonable doubt that defendant, January 21, 1931, kept or carried around on his person, or left in a place for another to secure, intoxicating liquor with intent to sell or dispose of it, as charged in the information and as "bootlegging" is defined by statute. Comp. St. 1929, sec. 53-103. The particular in which the evidence is lacking is the failure to prove the intent to sell or dispose of the intoxicating liquor. Evidence of this element of the statutory offense, or evidence of circumstances from which the criminal intent may be inferred, is necessary to a conviction.

The sentence for bootlegging is reversed for want of evidence and the charge therefor dismissed. The sentences for unlawful possession are affirmed.

JUDGMENT ACCORDINGLY.